IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.:

WILLIAM LAMERS,
    Plaintiff,
v.

ORLANDO TACO LTD DBA ROCCO'S
TACOS AND TEQUILA BAR
    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, William Lamers, individually, by and through the undersigned attorney and sues the Defendant, Orlando Taco LTD dba Rocco's Tacos and Tequila Bar (hereinafter sometimes referred to as "Rocco's Tacos & Tequila Bar"), and alleges as follows:

### The Parties

1. Plaintiff resides in Orlando, Florida. Plaintiff worked at the Defendant corporation as a server from approximately June, 2018 through approximately March, 2020.

2. At all times relevant to this action Plaintiff has been a tipped employee engaged in commerce or the production of goods for commerce on behalf of the Defendant.

3. Plaintiff is a covered employee within the meaning of the Florida Minimum Wage Act ("FMWA") and the Florida Constitution.

4. Upon information and belief, at all material times hereto, Defendant, Rocco's Tacos & Tequila Bar, was a corporation duly licensed to transact business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Orange County, Florida.

5. Upon information and belief, Defendant is an "enterprise engaged in interstate commerce" within the meaning of the FMWA and the Florida Constitution. Defendant has

employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is otherwise a covered entity under the FMWA and the Florida Constitution.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 448.110. This is an action for violation of the FMWA and FLSA with damages less than Thirty Thousand Dollars ($30,000) exclusive of interests, costs, and attorney's fees.

7. Venue is proper in Orange County pursuant to Fla. Stat § 47.051 because acts giving rise to the claims of the Plaintiff occurred within this jurisdictional district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## Nature of the Action

8. Defendant is the owner of Rocco's Tacos & Tequila Bar restaurant located in Orlando, Florida.

9. Plaintiff was employed as a server by the Defendant, a "Tipped Employee" as defined by the FMWA, from approximately June, 2018 through approximately March, 2020.

10. Fla. Const. Art. X, § 24(c) states, "for tipped Employees meeting eligibility requirements for the tip credit under the Fair Labor Standards Act ("FLSA"), Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003."

11. Section 3(m) of the FLSA, as incorporated through the FMWA, permits an employer to take a "tip credit" toward its minimum wage obligation for Tipped Employees equal to the difference between the tipped minimum wage and the applicable state minimum wage. For instance, in 2020 the Florida State Minimum Wage was $8.56, the statutorily

permitted tip credit was $3.02, and the tipped minimum wage was $5.54.

12. In the following Counts, Defendant either misapplied a tip credit to Plaintiff's wage, or failed to pay Plaintiff minimum wage for all hours worked.

13. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying the wages owed to Plaintiff.

14. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

15. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, in this specific instance the occupation of "server" or "bartender" rather than the tasks performed at the direction of the Defendant.

16. On August 3, 2022, Defendant was provided by priority mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 448.110(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

## COUNT I: MINIMUM WAGE VIOLATION OF FLA. STAT. § 448.110 – DUAL OCCUPATION, OPENING AND CLOSING DUTIES

17. Plaintiff incorporates the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110.

19. At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act.

20. Plaintiff brings this action as a former hourly employee of the Defendant who

willfully refused to pay a wage during Plaintiff's employment. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

21. Pursuant to Fla. Stat. § 448.110 and Fla. Const. Art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the Fair Labor Standards Act ("FLSA"), as incorporated through the FMWA.

22. The Department of Labor has issued regulations, interpreting the Fair Labor Standards Act, codified at 29 C.F.R. §§ 531.50-60, addressing the limited circumstances under which an employer may properly utilize the tip credit. Those regulations, consistent with the statute itself, provide that proper application of the tip credit is dependent upon the "occupation" of the employee being that of a "tipped employee."

23. Pursuant to 29 C.F.R. § 531.50-60, an employer's classification of an employee as a tipped employee for whom a tip credit may be properly taken depends upon the employee's duties. Such duties must be primarily tip-producing. These duties may also include tasks which are incidental to the generation of tips, so long as the employee is only required to undertake such tasks occasionally.

24. Plaintiff was required to perform such non-tip producing tasks more than occasionally. Plaintiff was asked to perform excessive amounts of such non-tip-producing work every shift, often for hours at a time before and after Plaintiff was given any opportunity to engage in tip-producing activities (i.e., "opening duties" and "closing duties").

25. Rather than being "occasional," the non-tip-producing tasks that Plaintiff was required to undertake occupied discrete and insular periods of the Plaintiff's workday. Plaintiff was required to work for substantial periods of time before Plaintiff's tip-producing shift began. Plaintiff was additionally required to work for significant periods of time after Plaintiff's shift

concluded. These tasks are not "occasional" because they were undertaken every shift, exclusively, for more than 30 minutes at a time.

26. The temporal separation between "opening duties/closing duties" and time spent performing tip-producing activities represents a clear dividing line between tipped activities, for which a tip credit may be applied, and non-occasional preparatory/maintenance activities, for which a tip credit may not be applied.[1]

27. As a result of Defendant's willful failure to compensate the Plaintiff the applicable minimum wage for all hours worked, Defendant has violated Fla. Stat. § 448.110.

28. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Stat. § 448.110.

29. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

30. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

31. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

32. On August 3, 2022, Defendant was provided by priority mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 448.110(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

33. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from

---

[1] In addition to the Department of Labor guidance on this issue, as well as the abundant case law, 29 C.F.R § 531.56 was amended in 2021 to specify that opening/closing duties which do not coincide with tip-producing tasks are categorically not related to the production of tips where the performance of such duties extends beyond 30 minutes.

Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs of this action under Fla. Stat. § 448.08, § 448.104 and § 448.110.

### COUNT II: FLORIDA MINIMUM WAGE ACT – DUAL OCCUPATION, NON-INCIDENTAL TASKS BELONGING TO NON-TIPPED OCCUPATION

34. Plaintiff incorporates the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

35. Section 448.110(3) of the Florida Minimum Wage Act incorporates the FLSA provisions regarding the regulation of minimum wage exemptions with regard to an employer "tip credit."

36. Fla. Const. Art. X, § 24(c) allows an Employer to apply a tip credit to the State-mandated minimum wage "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA."

37. The Department of Labor has promulgated regulations addressing the inapplicability of a tip credit to employees who are engaged in tasks which constitute two separate occupations.

38. Pursuant to 29 C.F.R. § 531.56(e), "In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man."

39. In addition to the duties of a server, Plaintiff was regularly required to perform tasks which would be properly classified as the duties of a non-tipped occupation, such as janitorial duties and general laborer duties.

40. Defendant required Plaintiff to perform certain janitorial duties including but not limited to: emptying trash cans and placing trash cans in designated areas, checking restrooms for cleanliness and supplies, and mopping in the dining area. These tasks were performed while Plaintiff was paid the Florida minimum wage for tipped employees, rather than the proper Florida minimum wage.

41. Defendant also required Plaintiff to perform certain general laborer duties including but not limited to: dusting in the dining area, sweeping restaurant floors, cleaning debris from areas outside of the restaurant and using glass cleaner on restaurant windows and doors. These tasks were performed while Plaintiff was paid the Florida minimum wage for tipped employees, rather than the proper Florida minimum wage.

42. The "dual occupational" tasks listed in paragraphs supra are not customarily and/or traditionally incidental to that of a server, and are otherwise unrelated to, the job of a server, bartender or any other tipped profession.

43. These dual occupational tasks were not "occasional," but instead occupied discrete and insular periods of the Plaintiff's workday, during each shift that Plaintiff worked. These dual occupational tasks were regularly not related to tip-related duties.

44. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act.

45. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing "dual occupational" tasks.

46. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

47. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

48. On August 3, 2022, Defendant was provided by priority mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 448.110(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

49. Plaintiff is therefore entitled to compensation for the difference between wages paid and Florida's minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**COUNT III: MINIMUM WAGE VIOLATION OF FLA. STAT. § 448.110 –
DUAL OCCUPATION, NON-TIPPED ACTIVITIES GREATER THAN 20% OF WORKWEEK**

50. Plaintiff incorporates the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

51. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110.

52. At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act.

53. Plaintiff brings this action as a former hourly employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

54. Pursuant to Fla. Stat. § 448.110 and Fla. Const. Art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the Fair Labor Standards Act ("FLSA"), as incorporated through the FMWA.

55. The Department of Labor has issued regulations, interpreting the Fair Labor Standards Act, codified at 29 C.F.R. §§ 531.50-60, addressing the limited circumstances under which an employer may properly utilize the tip credit. Those regulations, consistent with the statute itself, provide that proper application of the tip credit is dependent upon the "occupation" of the employee being that of a "tipped employee."

56. Pursuant to 29 C.F.R. § 531.56(e), an employer's classification of an employee as a "tipped employee" for whom a tip credit may be properly taken depends upon the employee's "duties." Such "duties" must be primarily "tip-producing." These duties may also include tasks which are "incidental" to the generation of tips, so long as the employee is only required to undertake such tasks "occasionally."

57. During Plaintiff's employment with Defendant, Plaintiff was also required by Defendant to perform non-tipped work throughout Plaintiff's shift, for which Plaintiff was paid at the reduced tip credit rate. These tasks, in the aggregate, were more than "occasional."

58. Examples of such non-tipped labor which the Plaintiff performed include: stocking milk and cream and putting on ice; stocking coffee, tea and bottled drinks; brewing coffee and tea; stocking glasses, straws, napkins and coffee cups; cutting lemons and limes; putting garnishes on ice; cleaning, adjusting and connecting beer kegs; cleaning soda dispenser nozzles; washing dirty glassware behind bar; polishing glassware; setting up and putting away bar mats; cleaning and wiping the wait station; cleaning and wiping tabletops; cleaning and wiping chairs and booths; cleaning and wiping menus; straightening and aligning chairs; putting up and taking down chairs; setting tables with silverware, plates, glassware and napkins; stocking sugar and sweeteners; replenishing salt and pepper; stocking/replenishing table condiments; rolling silverware; polishing and organizing silverware; stocking to-go area with containers, napkins, silverware and cups; and folding to-go plastic silverware with napkins and salt/pepper packets.

59. The Department of Labor has provided additional guidance as to how "occasionally" should be interpreted in its Field Operations Handbook. This guidance (in the form of a bright-line "20% rule") has been relied upon by Florida courts[2].

60. Pursuant to U.S. Dept. of Labor, Field Operations Handbook Ch. 30d00(e), "The FLSA permits an employer to take the tip credit for some time that the tipped employee spends in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips. For example, a waitperson who spends some time cleaning and setting tables, making coffee, and occasionally washing dishes or glasses is considered to be engaged in a tipped occupation even though these duties are not tip producing. However, where a tipped employee spends a substantial amount of time (in excess of 20 percent in the workweek) performing related duties, no tip credit may be taken for the time spent in such duties."

61. The non-tipped duties for which Plaintiff was paid at a tip credited rate were undertaken more than "occasionally," and exceeded twenty percent (20%) of each week worked by the Plaintiff.

62. Defendant willfully and improperly applied a tip credit to every hour that the Plaintiff worked, even when Plaintiff was clearly engaged in non-tipped tasks more than "occasionally," and in excess of twenty percent (20%) of Plaintiff's work week.

63. Defendant improperly utilized the tip credit and unjustly benefited by saving the tip credit amount for each hour Plaintiff worked. With this great savings comes great responsibility. Plaintiff was not able to obtain tips or perform tip-generating work while being

---

[2] In December 2021, 29 C.F.R § 531.56 was amended to formally recognize the 20% threshold: "An employer can take a tip credit for the time a tipped employee spends performing work that is not tip-producing, but directly supports tip-producing work, provided that the employee does not perform that work for a substantial amount of time. For the purposes of this section, an employee has performed work for a substantial amount of time the directly supporting work exceeds a 20 percent workweek tolerance, which is calculated by determining 20 percent of the hours in the workweek for which the employer has taken a tip credit. The employer cannot take a tip credit for any time spent on directly supporting work that exceeds the 20 percent tolerance."

paid at the reduced tip credit rate, causing the Defendant to benefit at the detriment of Plaintiff.

64. In both policy and practice, the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor more than "occasionally," and in excess of twenty percent (20%) of Plaintiff's work week before, during and after each scheduled shift. As such, full minimum wage for such time is owed.

65. As a result of Defendant's willful failure to compensate the Plaintiff the applicable minimum wage for all hours worked, Defendant has violated Fla. Stat. § 448.110.

66. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Stat. § 448.110.

67. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

68. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

69. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

70. On August 3, 2022, Defendant was provided by priority mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. § 448.110(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

71. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs of this action under Fla. Stat. § 448.08, § 448.104 and § 448.110.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for the following relief:

a. Declaring that Defendant has violated the minimum wage provisions of the FMWA;

b. Declaring that Defendant has violated the minimum wage provisions of Fla. Const. Art. X, § 24;

c. Declaring that Defendants' violation of the FMWA and Fla. Const. Art. X, § 24 were willful;

d. Awarding Plaintiff liquidated damages as a result of Defendants' violation of the FMWA and Fla. Const. Art. X, § 24;

e. Awarding the Plaintiff damages for all unpaid wages;

f. Awarding the Plaintiff pre-judgment and post-judgment interest under the FMWA and Fla. Const. Art. X, § 24;

g. Awarding the Plaintiff reasonable attorneys' fees, costs, and disbursements pursuant to the FMWA and Fla. Const. Art. X, § 24;

h. Where Defendant, an employer, does not have records and fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

i. Awarding such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED August 22, 2022

*/s/ Christopher M. Dinda*
Christopher M. Dinda, Esquire
GROSSMAN LAW, P.A.
Fla. Bar No. 1003237
545 Delaney Ave., Bldg. 9
Orlando, Florida 32801
cdinda@grossmanlaw.law
Phone: (407) 601-0024
Fax: (407) 386-9237
Attorneys for Plaintiff
